IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARON LEE BOYD-NICHOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:15CV424 |
| | ) | |
| V. | ) | |
| | ) | |
| SCOTT FRAKES, Director of Nebraska State of Corrections Medical Department et al, DR. RANDY KOHL, Chief Medical Director, M.D., DR. HUSTON, Staff Physician of Records, MARIO PEART, Warden, JANE OR JOHN DOE 1-12, Both state and Agency Medical Nurses, and TANA KENLEY, PAC, | ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff Aron Boyd-Nicholson's Complaint. (Filing No. 1.) For the reasons that follow, the court finds Plaintiff's pleadings do not state any claims on which relief may be granted. However, the court will allow Plaintiff to file an amended complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated in the Lincoln Correctional Center ("LCC") in Lincoln, Nebraska. He purports to raise claims under 28 U.S.C. § 242 for "deprivation of rights." (Filing No. 1 at CM/ECF p. 6.) The court liberally construes Plaintiff's claims as arising under 42 U.S.C. § 1983, for alleged violations of Plaintiff's constitutional rights. Plaintiff has sued his prison's director, Scott Frakes, the prison's warden, Mario Peart, as well as other individuals purportedly involved with his medical treatment during his present confinement.

Plaintiff claims that medical staff at LCC did not respond appropriately when he began experiencing chest pains, nausea, dizziness, and shortness of breath. He claims that he suffered a heart attack, but that medical personnel ignored his complaints and did not recognize his ailment until days later. Plaintiff seeks compensatory damages of $500,000.00 and punitive damages in the amount of $1,000,000.00.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations

omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

First, Plaintiff did not indicate that any of the named defendants were personally involved in the events described in his Complaint. Rather, Defendants' names only appear in the caption of the Complaint. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).

Second, because Plaintiff did not specify whether he is suing Defendants in their official or individual capacities, this court presumes they are sued in their official capacities only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official, in this case, the State of Nebraska. *See*

3

*Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)).

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.*; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff has sued Nebraska state employees and seeks monetary relief against them. To the extent Plaintiff seeks to sue the employees in their official capacities, the Eleventh Amendment bars his claims. Therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

On the court's own motion, the court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted against Defendants. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

### IV. MOTION TO APPOINT COUNSEL

Plaintiff seeks the appointment of counsel. (Filing Nos. 8, 9) The court cannot

routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by April 18, 2016 that states a claim upon which relief may be granted against Defendants. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Plaintiff's Motion to Appoint Counsel (Filing Nos. 8, 9) is denied without prejudice to reassertion.

3. The clerk of the court is directed to set a pro se case management deadline using the following text: April 18, 2016 check for amended complaint.

4. To avoid confusion, any document Plaintiff sends to the clerk of the court for filing in this case must clearly display the case number.

DATED this 18th day of March, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge