IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARON LEE BOYD-NICHOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:15CV424 |
| | ) | |
| V. | ) | |
| | ) | |
| STEPHANIE SNODGRASS, APRIL | ) | **MEMORANDUM** |
| ROLLINS, and CAROLYN MOORE, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon review of Plaintiff's Amended Complaint. (Filing No. 16.) For the reasons explained below, some of Plaintiff's claims will be permitted to proceed to service of process.

## I. BACKGROUND

On November 19, 2015, Plaintiff, who is incarcerated in the Lincoln Correctional Center ("LCC"), filed suit against his prison's director, Scott Frakes, the prison's warden, Mario Peart, as well as other individuals purportedly involved with his medical treatment during his present confinement. (Filing No. 1.)

Plaintiff alleged that medical staff at LCC did not respond appropriately when he began experiencing chest pains, nausea, dizziness, and shortness of breath. He claimed that he suffered a heart attack, but that medical personnel ignored his complaints and did not recognize his ailment until days later.

This court conducted an initial review of Plaintiff's Complaint on March 18, 2016. (Filing No. 13.) The court concluded that Plaintiff had failed to state a cognizable claim under 42 U.S.C. § 1983 because he did not indicate that any of the named defendants were personally involved in the events described in the Complaint.

The court further found that Plaintiff's claims were barred by the Eleventh Amendment because Plaintiff had not specified whether he was suing the individual Defendants in their official or individual capacities.

The court granted Plaintiff leave to amend his complaint. Plaintiff filed his Amended Complaint on April 20, 2016. (Filing No. 16.)

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint only names Stephanie Snodgrass ("Snodgrass"), April Rollins ("Rollins"), and Carolyn Moore ("Moore") as Defendants. (Filing No. 16.) Plaintiff maintains that Defendants are all nurses in the medical unit at LCC. Liberally construed, Plaintiff maintains that Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights.

Plaintiff claims that on August 11, 2015, he began experiencing chest pains, nausea, dizziness, and shortness of breath. He was taken to the medical until and examined by Moore. After he reported his symptoms to Moore, she took his vitals, performed a blood sugar test, and gave him juice. His blood sugar levels were normal. He informed Moore that he still felt weak, but she sent him back to his unit. Plaintiff maintains that Moore failed to notify medical personnel capable of treating his condition and that her failure to seek immediate treatment constituted deliberate indifference.

Plaintiff further alleges that he returned to the medical unit the next day because his condition had not improved. When he arrived, he made multiple attempts to speak to Snodgrass and Rollins, but they ignored him. He was given a medical request form to complete. Plaintiff inquired whether he would be seen that day and Snodgrass told him that he would be "seen when they see me." (Filing No. 16 at CM/ECF p. 2.) Plaintiff again told Rollins that there was something wrong, but she did not respond

2

and sent him back to his unit.

Plaintiff alleges that he did not receive additional medical care until the EMT's were called for him five days later. He asserts that due to Defendants' deliberate indifference, he endured unnecessary pain and suffering, and sustained permanent heart damage.

## III. DISCUSSION

Plaintiff alleges Defendants violated his Eighth Amendment rights because they were deliberately indifferent to his medical needs. To establish a § 1983 claim for deliberate indifference, Plaintiff must demonstrate that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (citation omitted).

Defendants, who are purported state employees, have been sued in their official and individual capacities. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Here, Plaintiff seeks a monetary award against state employees. Therefore, Plaintiff's claims against Defendants in their official capacities will be dismissed as they are barred by the Eleventh Amendment.

Plaintiff's claims against Moore in her individual capacity will also be dismissed. Plaintiff's allegations do not support the inference that Moore refused to treat him, ignored his complaints, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical need. To the contrary, according to the Amended Complaint, Moore took his vitals, performed a blood sugar test, and gave him juice. When his blood sugar levels were found to be normal, he was sent back to his unit. In short, nothing indicates Moore acted with a sufficiently culpable state of mind to satisfy the deliberate indifference standard.

Plaintiff has, however, managed to assert cognizable claims against Snodgrass and Rollins in their individual capacities. Plaintiff alleges that he informed these Defendants multiple times that he was experiencing distress, but that his complaints were ignored. He alleges that although he completed a medical request form when he was in the medical until with Snodgrass and Rollins, he was not treated for another five days. Therefore, Plaintiff's individual capacity claims against Snodgrass and Rollins will be allowed to proceed to service of process.

### IV. REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a Motion (Filing No. 17) seeking the appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED:

1. Plaintiff's claims against Defendant Carolyn Moore are dismissed without prejudice.

2. Plaintiff's claims against Defendants Stephanie Snodgrass and April Rollins in their official capacities are dismissed without prejudice.

3. Plaintiff's claims against Defendants Snodgrass and Rollins in their individual capacities may proceed to service of process. The clerk of court is directed to obtain the last known addresses for Defendants Snodgrass and Rollins from the Marshals Service for service of process on them in their individual capacities.

4. Upon obtaining the necessary addresses, the clerk of court is directed to complete and issue summonses for Defendants Snodgrass and Rollins in their individual capacities at the addresses provided by the Marshals Service. The clerk of court is further directed to deliver the summonses, the necessary USM-285 Forms, the Complaint (Filing No. 1), the Amended Complaint (Filing No. 16), a copy of this order, and a copy of the order granting Plaintiff's motion for leave to proceed in forma pauperis (Filing No. 6) to the Marshals Service for service of process on Defendants Snodgrass and Rollins in their individual capacities.

5. The clerk of court is directed to file under seal any document containing the last known addresses for Defendants Snodgrass and Rollins.

6. Plaintiff's Motion to Appoint Counsel (Filing No. 17) is denied without prejudice to reassertion.

DATED this 13th day of May, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge