IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARON LEE BOYD-NICHOLSON,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHANIE SNODGRASS, LpN; and APRIL ROLLINS, RN;<br><br>Defendants. | 8:15CV424<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on its own motion. On May 19, 2017, the court granted Plaintiff's Motion for Limited Discovery with respect to two materials: (1) a copy of the incident report written by Case Worker Chris Bartek on August 12, 2015, and (2) the deposition of inmate Alberto Vasquez by written questions pursuant to Federal Rule of Civil Procedure 31. (Filing No. 50.) Limited discovery is now complete.

    With regard to (1), on June 5, 2017, Defendants certified that a true and correct copy of Defendants' Responses to Plaintiff's Requests for Production of Documents were served on Plaintiff. (Filing No. 51.) With regard to (2), Mr. Vasquez informed the Tecumseh State Correctional Institution public information and litigation officer, who provided the questions to Mr. Vasquez, "that he remembers the incident but not any specifics like the court is asking for." (Filing No. 58; Filing No. 58-1.) Accordingly,

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff shall file no later than **August 29, 2017**, a response to Defendants' summary judgment motion (Filing No. 35). If Plaintiff wishes to file a dispositive motion of his own, he shall also file it no later than **August 29, 2017**.

Plaintiff's response and/or dispositive motion must be filed with the court no later than **August 29, 2017**.[1]

2. The clerk's office is directed to set a pro se case management deadline using the following text: **August 29, 2017**: check for Plaintiff's response/dispositive motion.

Dated this 25th day of July, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[1] In determining Plaintiff's filing due date, the court took into consideration the prison mailbox rule. See *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006) ("Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline."); *Sulik v. Taney County*, 316 F.3d 813, 815 (8th Cir. 2003) ("[T]he prison mailbox rule governs the determination of when a prisoner's civil complaint has been filed."), *overruled on other grounds in later appeal*, 393 F.3d 765 (8th Cir. 2005).